**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:06cv43**

| | |
|---|---|
| DAVID T. WILSON,           )<br>                             )<br>      Plaintiff,           )<br>                             )<br>      vs.                    )<br>                             )<br>MICHAEL J. ASTRUE,           )<br>Commissioner of Social Security,  )<br>                             )<br>      Defendant.             )<br>                             )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [Doc. 25].

**I.    PROCEDURAL HISTORY**

The Plaintiff David T. Wilson initiated this action on February 2, 2006 seeking a review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on April 19, 2007. [Doc. 13]. Thereafter, both parties

moved for summary judgment on the basis of the administrative record. [Docs. 18, 20]. On April 21, 2009, the Court entered an Order and Judgment remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 22, 23].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and he requests that the award be paid directly to his attorney. [Doc. 25]. The Plaintiff represents in his motion that counsel for the Commissioner consents to his request. [Id. at 2].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

3

> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the Plaintiff seeks an award of $5,000 in attorney's fees. In support of this request, the Plaintiff submits an affidavit of counsel along with an itemization of the hours claimed by counsel to be related to this case. [Docs. 25-3, 25-4]. Counsel fails to state in his affidavit, however, the hourly rate upon which his fee request is based. As a total of 27.95 hours are claimed, it would appear that counsel is requesting an hourly rate of approximately $178.89 per hour. Counsel offers no evidence regarding the "prevailing market rates for the kind and quality of the services furnished," nor does he contend that an hourly rate in excess of $125 per hour is necessary due to "an increase in the cost of living" or some "special factor." Id. Based upon its own familiarity with the prevailing market rates in the Western District of North Carolina, the Court concludes that a rate of $125 per hour is reasonable and will therefore base its award in this case on that hourly rate.

The Court now turns to the issue of whether the number of hours claimed is reasonable. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is

4

obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Reviewing counsel's time sheet, the Court finds that some of the entries are excessive and should be stricken. For example, counsel claims a total of 2.5 hours for the preparation and filing of an amended application to proceed *in forma pauperis*. [Doc. 25-4]. A review of the record shows, however, that these amended filings were completed by the Plaintiff himself. [See Docs. 5, 6]. The filing of these documents was simply an administrative task and certainly does not warrant the amount of time claimed. Additionally, counsel claims a total of .5 hours for "review [of] notice of hearing" and "review [of] amended notice of hearing." [Doc. 25-4]. In each instance, the "notice of hearing" reviewed is a three-line docket entry in the ECF system. Thus, the claimed time of .5 hours for the review of these notices appears to be unnecessary and excessive. Accordingly, the Court will deduct a total of three (3) hours from the 27.95 hours claimed. Based upon a reasonable hourly rate of $125 per hour for 24.95 hours spent, the Court concludes that a total of $3,118.75 in attorney's fees should be awarded in this case under the EAJA.

Finally, the Plaintiff requests that the fee award be paid directly to his attorney. [Doc. 25 at 1]. In support of this request, the Plaintiff submits an

executed assignment purporting to assign any and all EAJA fees to which he is entitled to his counsel, George C. Piemonte. [Doc. 25-2].

The federal circuits are split as to whether EAJA fees may be awarded directly to a prevailing party's attorney. Some courts have held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). Other courts have held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. 2007). Recently, the Fourth Circuit adopted the position of the Tenth and Eleventh Circuits in holding that an award of EAJA fees is payable only to the claimant as the prevailing party, not the claimant's attorney. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009).

The Fourth Circuit has not specifically addressed whether a court may order the payment of a fee award directly to a prevailing party's attorney

where the party has executed a valid assignment of any interest in such award. The Tenth Circuit, however, has concluded that a district court is not obligated to acknowledge such assignment, reasoning that a private contractual arrangement between a claimant and his counsel for the assignment of fees "does not overcome the clear EAJA mandate that the award is to [the claimant] as the prevailing party." Winslow v. Astrue, 269 F. App'x 838, 839 (10th Cir. 2008). The Court finds the reasoning of the Tenth Circuit to be persuasive and most consistent with the Fourth Circuit's reasoning in Stephens. Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not the Plaintiff's attorney.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Consent Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [Doc. 25] is **GRANTED** to the extent that the Plaintiff is hereby awarded a total of $3,118.75 in attorney's fees.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 5, 2009

Martin Reidinger
United States District Judge