# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:06cv43

| | |
|---|---|
| DAVID T. WILSON,          )<br>                              )<br>    Plaintiff,              )<br>                              )     **MEMORANDUM OF**<br>    vs.                       )     **DECISION AND ORDER**<br>                              )<br>MICHAEL J. ASTRUE,     )<br>Commissioner of Social Security,  )<br>                              )<br>    Defendant.            )<br>_____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Reconsider the Order for Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [Doc. 28].

The Plaintiff moves the Court to reconsider its Order of August 5, 2009 [Doc. 26] awarding the Plaintiff $3,118.75 in attorney's fees, at the statutory rate of $125 per hour. For grounds, the Plaintiff argues that an increase in the statutory hourly rate is justified by the increase in the cost of living from March 1996, the date that the $125 hourly rate cap was established, and April 2009, when this case was remanded to the Commissioner. [Doc. 29].

The EAJA provides that a fee award "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. See Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The April 2009 Consumer Price Index for all Urban Consumers (CPI-U) published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996 to 213.240 in April 2009, an increase of 36.96%. It is noted that neither this issue nor this information was presented to the Court by Petitioner's Counsel in his original motion for fees. Nonetheless, the Court finds and concludes that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court further finds and concludes that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court will award the Plaintiff attorney's fees based upon an hourly rate of $171.20.

Based upon a reasonable hourly rate of $171.20 per hour for 24.95 hours spent, the Court concludes that a total of $4,271.44 in attorney's fees should be awarded to the Plaintiff under the EAJA.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Reconsider the Order for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [Doc. 28] is **GRANTED** to the extent that the Plaintiff is hereby awarded a total of $4,271.44 in attorney's fees. This amount is in lieu of and not in addition to the fees of $3,118.75 awarded by the Court's Order of August 5, 2009.

**IT IS SO ORDERED.**

Signed: September 9, 2009

Martin Reidinger
United States District Judge